IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2000 Session

## JOHN R. FISER, ET AL. v. TOWN OF FARRAGUT, TENNESSEE

**Appeal from the Chancery Court for Knox County**
**No. 127706-2      Daryl R. Fansler, Chancellor**

**FILED FEBRUARY 27, 2001**

**No. E1999-00425-COA-R3-CV**

In this suit the Plaintiffs seek a declaratory judgment that a Zoning Ordinance of the Town of Farragut, which admittedly seeks to eliminate off-premises billboards, is invalid insofar as their property is concerned.  The Trial Court found in favor of Farragut.  We reverse.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Keith McCord, Knoxville, Tennessee, for the Appellants, John R. Fiser and Hughlen R. Thornton, Jr.

David E. Rodgers and Thomas M. Hale, Knoxville, Tennessee, for the Appellee, Town of Farragut

**OPINION**

In this suit the Plaintiffs, John R. Fiser and Hughlen R. Thornton, Jr.,  seek a declaratory judgment that a Zoning Ordinance of the Defendant, Town of Farragut, which admittedly seeks to eliminate off-premises billboards, is invalid insofar as their property is concerned.

The complaint alleged that certain ordinances adopted by Farragut, which were used by it to prohibit the Plaintiffs from obtaining a building permit for the development of a shopping center on their property zoned for general commercial use, were invalid.

The Trial Court found in favor of Farragut, resulting in this appeal, wherein the Plaintiffs argue that the Ordinance is in contravention of T.C.A. 13-7-208, that its adoption was not in accordance with T.C.A. 13-7-201, and that it was "unreasonable, arbitrary, capricious, ambiguous,

and internally inconsistent with other provisions of the Defendant's Ordinances to the extent that they are invalid and unenforceable."

The facts giving rise to this controversy are succinctly set out in the Plaintiffs' brief which we copy in part:

> With limited exceptions, the material facts are undisputed, admitted, stipulated, or contained in documents filed as exhibits. Many of the stipulations were announced to the trial court at the beginning of the hearing on July 22, 1999, and appear in Volume III at pages 6 through 30.

> The stipulations relate only to the occurrence, or existence of, facts, events and documents. The legal effect or validity of the events and documents were not stipulated. For example, it was stipulated that ordinances were enacted by Defendant but the legal effect and validity of the ordinances were not stipulated.

> Plaintiffs are the owners as tenants-in-common of the Property which is a single parcel or tract of land consisting of approximately 4.5 acres located in Farragut on Kingston Pike, acquired in 1986, by deed recorded in Deed Book 1893, Page 846, in the Register's Office of Knox County, Tennessee, from Forest, Inc. of Knoxville, a Tennessee corporation, which acquired the Property in 1963. Plaintiffs were the sole stockholders, officers and directors of the corporation during its ownership of the Property and caused the corporation to transfer the Property to them when the corporation was liquidated. At the time it was acquired by Plaintiffs, it was located in Knox County, Tennessee, outside the boundaries of any incorporated municipality. The Property was zoned "Commercial A" under the Knox County Zoning Ordinance, which permitted commercial development and uses of the property including billboards.

> At the time of the transfer of the Property to Plaintiffs and continuing to the present, the 4.5 acres tract has not been subdivided and remains a single tract subject to two (2) billboard leases, each consisting of approximately 100 square feet[1] and each leased to separate third party outdoor advertising companies. Each outdoor advertising company has each erected a billboard on its leased area. The leased property in each lease was defined as "property which extends twenty-five (25) feet on each side of the base of the outdoor advertising structure". The advertising companies each obtained the necessary permits, lawfully constructed the billboards, and the same have thereafter been used and continue to be used to the present time pursuant to the above described billboard leases as from time to time renewed. Except for the two (2) billboard structures located on the two 100

---

[1] The 200 square feet occupied by the billboards is approximately 1/10th of one percent of the 4.5-acre tract. (Footnote not in original.)

square foot parcels leased to the third party outdoor advertising companies, the remaining 4.5 acres of Plaintiffs' Property has not been developed or used for other purposes prior to the commencement of this action but has been continuously zoned for general commercial uses.

Effective as of September 1988, Property was annexed into the boundaries of Defendant, and became subject to the valid general rules, regulations and ordinances, including the Zoning Ordinance of Farragut. The Property was subsequently zoned as general commercial district (C-1) under the Farragut Zoning Ordinance and the two billboards located on the leased parcels were grandfathered and had protected, non-conforming use status under the Farragut ordinance and T.C.A. § 13-7-208.

Shortly after Farragut was incorporated in 1980, it enacted Sign Ordinance #80-24 which prohibited all off-premise billboards but recognized the existence of pre-existing billboards grandfathered as non-conforming uses.

Thereafter, certain amendments were made to the Zoning Ordinance affecting billboards, the effect of which was explained to the Trial Court by counsel for Farragut as follows:

"The statutory scheme which is involved – we had several approaches, but the applicable approach, that has been applied to the Fiser-Thornton billboards is this: A billboard is defined as a principal use. If a tract of land has a billboard on that tract, and is otherwise undeveloped, which was the case in this instance, the Thornton tract was undeveloped except for the location of the two billboards. If a desire is made or evidenced to improve that tract of land, one of two things has to occur, because the existence of the billboard being a principal use, other uses of the property are prohibited. The owner of the land has the choice to leave these billboards as they existed at the time, or if they want to do the other things that are permitted by 13-7-208 with respect to the billboards, they have that right, dealing with the billboards. But if they want to put something else on that property, then they have to make a choice.

They either have to take the billboards down, or they have to subdivide the property and set up the billboards on a separate tract of land so that the remaining property is not encumbered by the billboards. This is a use issue as to what uses are permitted and what multiple uses are permitted on a given zone. The property is zoned commercial, and that permits the construction of various usual commercial properties.

The billboards are grandfathered and allowed to stay there and could be there from now on, as long as further attempts to develop don't occur, or the property is subdivided."

\*         \*         \*

"[T]he Farragut zoning law requires that if you create a lot in a commercial zone by subdivision you have to have a minimum one acre lot. So for other reasons, if this tract on the Fiser property, if their option was to leave the billboards but subdivide, and that is what they preferred to do, then a one acre size lot would have to be carved out to leave the billboards present, or they have the option of removing them."

\*         \*         \*

"This statutory scheme to my knowledge has never been employed in the State of Tennessee. It has, however, been employed elsewhere, and specifically in the State of Arizona in which it was the subject of review by the Arizona Supreme Court and by the Ninth Circuit,[2] in which virtually identically the same statutory procedures were used, the difference being that the Farragut ordinance is more lenient or liberal than the Arizona municipalities involved ordinances, because in Farragut the owner of the property has three choices, whereas in Arizona he only had two. In Arizona he could either leave the billboards present and not develop, or he could tear the billboards down and develop, but those were the only two options he had. In Farragut it's also permitted that he can subdivide, have his cake and eat it too, so to speak, within parameters. So there are three options in Farragut. Otherwise, the statutes and the effects of them are exactly the same."

In resolving the issues first raised by the Plaintiffs, we need to address the pertinent subsection of the Grandfathering Statute of this State, T.C.A. 13-7-208, which reads as follows:

(b) In the event that a zoning change occurs in any land area where such land area was not previously covered by any zoning restrictions of any governmental agency of this state or its political subdivisions, or where such land area is covered by zoning restrictions of a governmental agency of this state or its political subdivisions, and such zoning restrictions differ from zoning restrictions imposed after the zoning change, then any industrial, commercial or business establishment in operation, permitted to operate under zoning regulations or exceptions thereto prior to the zoning change shall be allowed to continue in operation and be permitted; provided, that no change in the use of the land is undertaken by such industry or business.

---

[2] Outdoor Systems, Inc. v. City of Mesa, 819 P.2d 44 (Ariz. 1991); Outdoor Systems, Inc. v. City of Mesa, 997 F2d 604 (9th Cir. 1993).

Farragut argues that the Ordinances in question do not violate any of the provisions of the Grandfathering Clause above set out in view of the last clause of subsection (b), providing "that no change in the use of the land is undertaken by such industry or business." Counsel for Farragut represented that under Farragut's Ordinances, even if the Plaintiffs' owned a 100-acre tract, they would be required to place the billboards on separate one-acre tracts before the remainder of the property could be used for any purpose. We do not construe the last clause of subsection (b) to be as broad as insisted upon by counsel for Farragut and as found by the Chancellor. We believe it was the intent of the Legislature in enacting the language "no change in the use of the land is undertaken by such industry or business" to mean the land being used by an industry or a business, which in this case would be the 100-square feet tracts. As a result of such a construction, the billboards are protected by State law and cannot be overturned by a city ordinance.

The interpretation of the Statute insisted upon by Farragut could, although in this case does not,[3] run afoul of constitutional guarantees. For instance, assuming the leases to third parties for the property wherein the billboards are erected are long-term of 20 or 30 years, it would mean that the Plaintiffs could never develop their property until the end of the lease should the lessee insist upon rights accorded thereunder.

Moreover, we are not bound by the persuasive authority of either the Arizona Supreme Court or the 9th Circuit Court of Appeals, and remain unpersuaded. In fact, we agree with the dissenting opinion by one of the Justices of the Supreme Court of Arizona, who stated in part the following:

> I regret that I must dissent. I do so for three reasons. First, I do not believe that the government may require the removal of a legal (albeit preexisting and non-conforming) billboard as a condition for a zoning change or issuance of a building permit. To require the landowner to give up what he is legally permitted to have in order to obtain what he may already be entitled to, is bureaucratic extortion, if not judicial extortion.

In light of the fact that billboards are the only use of property which is subject to any such treatment under the Ordinances of Farragut, which does not similarly regulate hog lots, slaughter houses, or "massage parlors," we conclude that the Ordinance attempted to be enforced is arbitrary, capricious and unreasonable, and, therefore, under the facts of this case invalid.

The plain and simple fact of this case is that Farragut is attempting to appropriate property owned by the Plaintiffs without paying just compensation in violation of both our State and Federal Constitutions. We cannot condone such a practice.

---

[3] The parties, by an order entered, agreed that a building permit for the shopping center would be issued to the Plaintiffs, and should the final judgment ultimately be in Farragut's favor, the billboards would be removed, and if in the Plaintiffs' favor, the billboards would remain.

Finally we note that Farragut is not without remedy but, as conceded by counsel, is entitled to exercise its powers of eminent domain to remove the offending billboard.

For the foregoing reasons we reverse the judgment of the Trial Court, find that the Plaintiffs are entitled to continue to maintain their billboards, and remand the case for collection of costs below which are, as are costs of appeal, adjudged against the Town of Farragut.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE